Compiler

**IN THE SUPERIOR COURT OF GUAM**

FILED
SUPERIOR COURT
2013 JUN 10 PM 5: 07

CLERK OF COURT

IRENE C.M. PAYUMO, )
)
          Plaintiff, )
)
   vs. )
)
LEO D. PAYUMO, )
)
          Defendant. )
)
_____ )

**DOMESTIC CASE NO. DM0083-12**

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable James L. Canto II on Defendant's motion to vacate entry of default, filed February 22, 2013. Oral arguments were heard on March 18, 2013. Attorney Joaquin C. Arriola, Jr. appeared on behalf of Defendant and Attorney Daniel S. Somerfleck represented the Plaintiff. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

On February 8, 2012, Plaintiff filed a summons and complaint for divorce and sole custody of the three minor children of her marriage with Defendant. On June 6, 2012, the Clerk of Court entered default pursuant to Guam R. Civ. P. 55(a) because Defendant did not answer or otherwise appear. On July 26, 2012, Defendant appeared *pro se* and filed an answer to generally deny that sole custody to Plaintiff would be in the best interests of their children.

On February 22, 2013, Defendant filed the present motion to vacate the entry of default on the basis of mistake and excusable neglect. Defendant declares that an attorney who could not represent him helped him to negotiate informal extensions of time to answer with Plaintiff's counsel so that the parties could attempt settlement and possible reconciliation. (Declaration of Leo D. Payumo, 1, Feb. 22, 2013.) Settlement negotiations ended in April 2012, and Defendant could not retain counsel until after default was entered. *Id.* at 2.

Defendant argues that these circumstances constitute good cause to set aside the entry of default and that the best interests of the minor children should be determined on their merits.

Plaintiff opposes the motion on the grounds that Defendant knew he needed an attorney when settlement negotiations ended and that he filed a *pro se* answer on his own.

## DISCUSSION

Under Guam law, "[f]or good cause shown, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Guam R. Civ. P. 55(c).

> [I]n reviewing entries of default courts will look to the same grounds that are relevant in considering whether to set aside a default judgment. On the other hand, the standard is less rigorous when examining a motion to set aside entry of default than for default judgments, so these grounds are more liberally construed. The grounds on which a court will deny a Rule 60(b) motion are if (1) the defendant's culpable conduct led to the default, (2) the defendant has no meritorious defense, or (3) the plaintiff would be prejudiced if the judgment is set aside.

*Adams v. Duenas*, 1998 Guam 15 ¶ 5 (citations and quotations omitted).

In this case, the three grounds to deny a Rule 60(b) motion, liberally construed, do not prevent relief from default. First, Defendant's conduct is not clearly culpable where he attempted settlement and filed an untimely *pro se* answer when he could not retain counsel. Second, Defendant may have a meritorious defense against an award of sole child custody by the legislative policy for joint custody arrangements under 19 GCA § 8404. Third, Plaintiff does not allege prejudice from the delay or from a default that is set aside. *See Adams*, 1998 Guam 15 at ¶¶ 7-8. For these reasons, the motion shall be granted.

///

## CONCLUSION

Based upon the foregoing, Defendant's motion to vacate entry of default is hereby GRANTED and the default entered June 6, 2012 is hereby VACATED.

SO ORDERED this _10TH_ day of June, 2013.

**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

I hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

JUN 1 0 2013

James R. Borja
Deputy Clerk, Superior Court of Guam